McINTYRE v. BUELL et al.

(Supreme Court, General Term, Fifth Department. June 20, 1890.)

1. MINES AND MINING—CONVEYANCES—PRIOR DEED OF SURFACE GROUND.

Plaintiff conveyed to defendants "all of that certain mining lode or claim known as the 'John,'" and the conveyance refers to the deed under which plaintiff ac-quired title, which conveyed all the dips, spurs, and angles, and metals, ores, gold and silver bearing quartz and rock and earth, and all privileges and franchises thereto incident, etc. It appeared that plaintiff had theretofore executed a deed to another person of "all that portion of the surface ground to the John mine, being and lying south of the John mine, commencing at the center of the vein, * * * and running its entire length. This deed is intended to convey the south 100 feet of the surface ground of the John mine," etc. *Held*, this deed conveyed only the sur-face ground, and did not include any of the mineral rights, and therefore consti-tuted no defense to an action for the price of the mining claim.

2. SAME.

But, even if such deed did include the property conveyed to defendants, it consti-tutes no defense to the action for purchase money, where it appears that it was not recorded, that no claim has ever been made under it, and that defendants have sold and conveyed the mine at a large advance, and without regard to any claim that might be made under it, and that the deed to defendants was without warranty or covenants.

Appeal from circuit court, Erie county.

Action by George W. McIntyre against Luther H. Buell and another. Verdict and judgment for plaintiff, from which defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*H. C. Day*, for appellants. *Adelbert Moot*, for respondent.

MACOMBER, J. This action was brought to recover an unpaid balance al-leged to be due the plaintiff upon a written agreement bearing date July 21, 1881, by which the plaintiff agreed to sell to the defendants certain mining property in San Juan county, Colo., known as the "John Lode," for the sum of $8,000, to be paid, one-half in cash, and the other half in certain syndi-cate shares of stock of a company thereafter to be organized for the opera-tion of this and another mine. This agreement was followed by a delivery of a deed or grant by the plaintiff to the defendants, though the last-named in-strument bears date the 16th day of July, 1881. This instrument conveys "all of that certain mining lode or claim known as the 'John,' situate, lying, and being in the Uncompahgre mining district, in the county of San Juan, and state of Colorado, about half a mile from Mineral Point in Lake Park, and which was located by George W. McIntyre and Addison Rice, October 8, 1875, and recorded in Book 5, page 61, of the Records of said county, at Sil-verton, (No. 10,209.)" The deed recites the fact that one-half of said lode was conveyed to the plaintiff by one Addison Rice in the month of Septem-ber, 1878, by a good and sufficient deed, properly recorded, to which reference was made in the conveyance to the defendants for a more particular descrip-tion of the silver-bearing lode. This deed also conveyed all the dips, spurs, and angles, and metals, ores, gold and silver bearing quartz and rock and

earth, and all privileges and franchises thereto incident and appertaining, together with all the hereditaments and appurtenances thereto belonging. The answer sets up, as a defense to the action, false and fraudulent representations of the plaintiff, by which he represented the John lode to be 1,500 feet long and 300 feet in width, being 150 feet on each side of a vein, and that he was seised of the whole lode; and, further, that he represented that the ore in the John lode would yield between 90 and 100 ounces of silver to the ton, all of which is alleged to be false, to the knowledge of the plaintiff. Very little need to be said upon this branch of the case, for the evidence fails wholly to substantiate in any particular the false representations set up. The answer further alleges that the plaintiff on the 9th of October, 1879, conveyed to one Hannah B. McIntyre a part of said John lode, namely, 100 feet on the south side, running the whole length thereof, namely, 1,500 feet. A deed is produced from the plaintiff to Hannah B. McIntyre without date, but acknowledged on the 9th day of October, 1879, by which the plaintiff sold, released, and quitclaimed to Hannah B. McIntyre all the right, title, interest, claim, and demand which the plaintiff had "in and to the following described mining property, situate, lying, and being in the county of San Juan and state of Colorado, to-wit, all that portion of the surface ground to the John mine being and lying south of the said John mine, commencing at the center of the vein, excepting fifty feet; said fifty feet being that portion adjoining the said John mine commencing at the center of said vein, and running its entire length. This deed is intended to convey the south one hundred feet of the surface ground of the John mine its entire length, and to include the ocation and vein of the 'location or mine' known as the 'Morning Star' mine, located by B. R. McIntyre, and recorded in Book B 2, page 120, including all dips, angles, and spurs."

The learned trial judge held that the quitclaim to Hannah B. McIntyre was simply of the surface ground, and did not convey any part of the metals, ores, and silver-bearing quartz, rock, and earth, as mining deeds used in Colorado usually do. In this we are inclined to think he was correct, and that the same did not impair the property purchased by the defendants from the plaintiff, as stated in the contract, and as described in their deed. The parties contracted in view of the condition of the property in the mining districts of Colorado, and with knowledge that a vein of ore, situate as this is described in the contract and deed, may be held by one party, and the surface of the ground by another, and that a grant of the lode or vein may not include the surface, like the deed to the defendants. Sedgw. & W. Tr. Title Land, § 115; *Wolfley* v. *Mining Co.*, 4 Colo. 114; *Eighmie* v. *Taylor*, 98 N. Y. 288.

But there is another reason why the judgment should be sustained, even though the quitclaim of the surface ground to Hannah B. McIntyre did convey some part of the property contracted to be sold and conveyed to these defendants. There is no proof that Hannah B. went into possession of the land under this deed, but the case rests solely upon the production of the deed itself. The plaintiff testifies that he has no recollection of ever executing such a paper. There is no evidence that any claim has ever been made to any portion of this property under it. There is no evidence that the defendants have been in any way injured, or their rights jeopardized, by the existence of this paper. They have sold and conveyed the property at a large advance, and without regard to any claim that might be made under the quitclaim to Hannah B. McIntyre. There is no warranty or covenant in the deed to the defendants. There has been no ouster, or even a threat of ouster. Under these circumstances, the mere production of the deed and a minute of its record is not sufficient to defeat an action brought for the unpaid balance of the purchase price of the land conveyed to them. Treating the defense set up in the answer as proceeding solely upon the ground of false and fraudulent representations, and not upon a false warranty in respect to the title of

the plaintiff to the property at the time the contract was made with the defendants, it is sufficient to say that the evidence wholly fails to substantiate the defense. The judgment should be affirmed. All concur.